IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

PAMELA KAZAK,

    Plaintiff,

v.                                           Civil Action No. 2:20-cv-00755

WAL-MART STORES EAST, LP;
WALMART STORE #4278; and
WALMART INC.,

    Defendants.

## NOTICE OF REMOVAL

TO:  Cathy Gatson, Circuit Clerk
       Kanawha County Judicial Building
       P.O. Box 2351
       Charleston, WV 25301rk

| | |
|---|---|
| Kevin P. Davis, Esq. | Mark S. Plants |
| P.O. Box 6067 | Plants Law Office |
| Charleston, WV 25362 | 320 2nd Avenue |
| *Counsel for Plaintiff* | South Charleston, WV 25303 |
| | *Counsel for Plaintiff* |

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that the Defendants, Wal-Mart Stores East, LP, Walmart Store #4278 and Walmart, Inc. (herein collectively "Walmart"), have removed the above-captioned case from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. In support of its Notice of Removal, Defendants state as follows:

## BACKGROUND

1.    On or about October 20, 2020, Plaintiff Pamela Kazak filed a Complaint in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 20-C-926.

2. Defendant Walmart is a corporation and was served with the Complaint via certified mail on or about October 26, 2020.

3. Defendant Walmart Stores East, LP is a limited partnership and was served with the Complaint via the West Virginia Secretary of State on or about October 26, 2020.

4. Defendant Walmart Store #4278 is not a recognized legal entity but was served with the Complaint via certified mail on or about October 23, 2020.

5. The Complaint alleges that, while at the Wal-Mart in Quincy, West Virginia, Plaintiff Pamela Kazak "tripped and fell on uneven pavement causing injury." (Compl. ¶8). As a result of the alleged incident, Plaintiff Pamela Kazak alleges that she sustained "severe and permanent injuries to her person and was otherwise injured" and that she has "undergone medical treatment; has incurred medical expenses and will continue to incur medical expenses in the future; has endured pain and suffering, both in the past and in the future; has incurred lost wages and will continue to do so in the future; and the Plaintiff has in the past suffered annoyance, aggravation, and mental anguish and will continue to do so in the future." (Compl. ¶¶3 and 14.)

## THE PARTIES

6. Plaintiff resides in Kanawha County, West Virginia. (Compl. ¶1)

7. Wal-Mart, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in Arkansas. Wal-Mart, Inc., conducts business in Quincy, Kanawha County, West Virginia, and neither its president nor chief officer resides in West Virginia.

8. Wal-Mart Stores East, LP, is a limited partnership registered in the State of Delaware with its principle place of business is in Arkansas. Wal-Mart Stores East, LP, was not

at the time of the commencement of this action, nor has it ever been, a citizen of the State of West Virginia. Wal-Mart Stores East, LP, conducts business in Kanawha County, West Virginia.

9.  Walmart Store #4278 is not a recognized business entity but rather is a doing business designation of Walmart Stores East, LP.

## BASIS OF REMOVAL

10.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this civil action may be removed to this Court by these Defendants pursuant to the provisions of U.S.C. § 1441 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

11.  Plaintiff and Defendants Walmart are citizens of different states.

12.  Although Plaintiff did not specifically plead an amount of damages in the Complaint, this case may be removed because Plaintiff's representations clearly indicate that Plaintiff seeks damages in excess of $75,000.00.

13.  "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc., et al.*, 395 F. Supp 2d, 395, 413 (S.D. W. Va. 2005). The jurisdictional minimum may be satisfied by claims of compensatory damages, attorney's fees, and punitive damages. *Id.* at 413-414.

14.  In the present case, Plaintiff seeks damages arising out of an incident wherein she alleges that she "tripped and fell on uneven pavement causing injury." (Compl. ¶8). As a result of the alleged incident, Plaintiff Pamela Kazak alleges that she sustained "severe and permanent

injuries to her person and was otherwise injured" and that she has "undergone medical treatment; has incurred medical expenses and will continue to incur medical expenses in the future; has endured pain and suffering, both in the past and in the future; has incurred lost wages and will continue to do so in the future; and the Plaintiff has in the past suffered annoyance, aggravation, and mental anguish and will continue to do so in the future." (Compl. ¶¶3 and 14.) Plaintiff further seeks the recovery of special damages, general damages, prejudgment interest, and punitive damages. (Compl. "Wherefore").

15. Under West Virginia law, Plaintiff recovery is theoretically unlimited and only a binding stipulation that Plaintiff will not seek nor accept more than $75,000.00 could limit recovery. See *Hicks v. Herbert*, 122 F.Supp2d 699 (S.D.W.Va. 2000). Plaintiff's Complaint contains no such stipulation and also sets forth claims that Plaintiff Pamela Kazak's injuries will cause her past, present and future medical expenses, as well as lost wages, and clearly establishes that Plaintiff seeks the recovery of damages in excess of $75,000.00.

16. Therefore, without conceding that Plaintiff is entitled to any damages, which is expressly denied by these Defendants as it relates to its conduct, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. If the Court for any reason is inclined to disagree, these Defendants respectfully request the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

17. As required by 28 U.S.C. §1446(b), this Notice of Removal is filed with this Court within thirty (30) days of receipt of the Complaint by Defendants and, as such, this Notice of Removal has been timely filed.

18. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorneys of record, and upon the Clerk of the Circuit Court of Kanawha County, West Virginia.

19. Copies of all process, pleadings, and orders received by these Defendants in the Circuit Court of Kanawha County, West Virginia, Civil Action Number 20-C-926 are attached hereto and incorporated herein as Exhibit A.

20. Pursuant to Local Rule of Civil Procedure 3.4(b), a copy of the Circuit Court of Kanawha County, West Virginia, Civil Action No. 20-C-926 docket sheet is attached hereto as Exhibit B.

WHEREFORE, Defendants respectfully requests that this Court assume full jurisdiction over the cause herein as provided by the law, and that the Circuit Court of Kanawha County, West Virginia, proceed no further in the proceedings. Defendants further demand that the trial of this matter in federal court be heard by a jury.

WAL-MART STORES EAST, LP;
WALMART STORE #4278; and
WALMART INC.,
By Counsel

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
Michael E. Mullins (W. Va. Bar No. 12064)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com
mmullins@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

PAMELA KAZAK,

    Plaintiff,

v.                                         Civil Action No. 2:20-cv-00755

WAL-MART STORES EAST, LP;
WALMART STORE #4278; and
WALMART INC.,

    Defendants.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, do hereby certify that on the November 17, 2020, a true copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Kevin P. Davis, Esq.
        P.O. Box 6067
        Charleston, WV 25362
        *Counsel for Plaintiff*

        Mark S. Plants
        Plants Law Offices
        320 2nd Avenue
        South Charleston, WV 25303
        *Counsel for Plaintiff*

    /s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
Michael E. Mullins (W. Va. Bar No. 12064)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com
mmullins@mlclaw.com