UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAMELA KAZAK,

     Plaintiff,

v.                            Civil Action No. 2:20-cv-00755

WAL-MART STORES EAST, LP;
WALMART STORE #4278; and
WALMART INC.,

     Defendants.

ORDER

     Pending is the defendants' motion to dismiss the plaintiff's complaint, filed on April 7, 2021 (ECF No. 18).

     The plaintiff commenced this action by filing her complaint in Kanawha County Circuit Court on October 20, 2020, asserting claims arising from her allegations that she was injured after tripping on uneven pavement and falling in the defendants' store's parking lot. See ECF No. 1-1 at 6-8. The defendants removed the action to this court on November 17, 2020. See ECF No. 1.

     On January 25, 2021, the plaintiff's counsel filed a motion to withdraw as counsel for the plaintiff. See ECF No. 11. The court set a February 26, 2021 hearing on the motion,

ordering the plaintiff to appear in person and directing her counsel to ensure that she received the order setting the hearing.  See ECF No. 12.  The hearing, at which counsel for both sides appeared, was held as scheduled.  See ECF No. 15. The plaintiff did not attend the hearing as ordered.  See id.

At the hearing, the plaintiff's counsel represented that communications between counsel and the plaintiff had broken down after the defendants had produced discovery casting some doubt on the likelihood of the plaintiff succeeding on her claims.  Counsel further represented that counsel had sent on January 19, 2021, via certified mail, a copy of the motion to withdraw, a copy of the court's January 27, 2021 order, and a letter notifying her of her obligation to appear at the hearing. In support of this representation, counsel provided a receipt of certified mail sent to the plaintiff.  See ECF No. 16.

By a March 2, 2021 order, the court granted the plaintiff's counsel's motion to withdraw, see ECF No. 15; ECF No. 17, and ordered the plaintiff to obtain new counsel by March 29, 2021, or else to proceed pro se, see ECF No. 17.  The court further ordered the plaintiff, with or without counsel, to proceed with this case in compliance with the court's schedule and the Federal and Local Rules.  See ECF No. 17.  Specifically, the court directed that the plaintiff had until April 1, 2021,

to respond to the first set of combined discovery requests propounded by the defendants by April 1, 2021.  See ECF No. 14; ECF No. 17.  The court directed the Clerk to transmit a copy of the order to the plaintiff at the address provided by the plaintiff's counsel, and the court notified the plaintiff that failure to comply with its order might result in the dismissal of this action for failure to prosecute.  See ECF No. 17.

No attorney has entered an appearance on the plaintiff's behalf by the March 29, 2021 deadline set by the court or afterward.  The plaintiff has not provided any notice to the court regarding whether she intends to proceed with or without representation.

On April 7, 2021, the defendants filed the current motion to dismiss the plaintiff's complaint.  See ECF No. 18. The defendants state that they have received no response from the plaintiff to their first set of combined discovery requests by the April 1, 2021 deadline set by the court, or afterward. See id.  The defendants ask that the complaint be dismissed with prejudice under Fed. R. Civ. P. 41(b) due to the plaintiff's failure to prosecute the action.  See id.  The defendants served the plaintiff with a copy of their motion by mail.  See id. at 4.  The plaintiff has not responded to the motion within the time set for doing so.  See LR Civ P 7.1(a)(7); see also Fed. R.

Civ. P. 5(b)(2)(C); Fed. R. Civ. P. 6(a), (d).

Rule 41(b) of the Federal Rules of Civil Procedure
provides for the dismissal of an action for the plaintiff's
failure to prosecute or to comply with the court's rules or
orders.  See Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir.
2019); see also Link v. Wabash R. Co., 370 U.S. 626, 629 (1962)
("The authority of a federal trial court to dismiss a
plaintiff's action with prejudice because of [her] failure to
prosecute cannot seriously be doubted.").  In determining
whether such a sanction is appropriate, the court should balance
the following factors: "'(1) the plaintiff's degree of personal
responsibility; (2) the amount of prejudice caused the
defendant; (3) the presence of a drawn out history of
deliberately proceeding in a dilatory fashion; and (4) the
effectiveness of sanctions less drastic than dismissal.'"
Attkisson, 925 F.3d at 625 (quoting Hillig v. C.I.R., 916 F.2d
171, 174 (4th Cir. 1990)).  "A district court need not engage in
a rigid application of this test, however, when a litigant has
ignored an express warning that failure to comply with an order
will result in the dismissal of his claim."  Taylor v. Huffman,
No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997)
(unpublished); see also Ballard v. Carlson, 882 F.2d 93, 96 (4th
Cir. 1989) (noting that "[a]ny other course" can "place[] the

4

credibility of the court in doubt and invite[] abuse").

Having considered the relevant factors in light of particular circumstances of this case, the court concludes that dismissal is appropriate. The plaintiff has failed to comply with the court's order directing her to be present in person at the February 26, 2021 hearing. She has also failed to comply with the court's order to proceed with her case with or without counsel and to respond to the defendants' discovery request, despite the court's express warning that her failure to do so could result in dismissal for failure to prosecute. The plaintiff has likewise failed to abide by the Federal and Local Rules, which require her to timely respond to discovery requests, and has not filed a response opposing the current motion within the time allotted by the Local Rules. In view of these failures, it appears that the plaintiff no longer wishes to pursue this matter and that the fault for the delays of the proceedings herein, which have necessarily prejudiced the defendants, lies with her. Accordingly, dismissal is the appropriate sanction.

For the foregoing reasons, it is ORDERED that the defendants' motion to dismiss (ECF No. 18) be, and hereby it is, granted. It further ORDERED that this action be, and hereby it is, dismissed with prejudice for failure to prosecute.

The Clerk is directed to transmit this order to all counsel of record, to any unrepresented parties, and to the plaintiff at the following address:

824 Central Avenue
Apartment 407
Charleston, West Virginia 25302

ENTER: May 3, 2021

John T. Copenhaver, Jr.
Senior United States District Judge